MERRILL, Justice.
Plaintiff below, Kathy Ann Dixon, appeals from an order dismissing her complaint under ARCP 12(b)(6) due to failure to state a claim on which relief could have been granted. We reverse the judgment and remand the cause.
Appellant Dixon filed a complaint on January 25, 1975, claiming compensatory damages against the official bond of Tom Purvis, Sheriff of Mobile County. Appel-lee, American Liberty Insurance Company [hereinafter “American Liberty”], surety on the bond, filed a 12(b)(6) motion or, in the alternative, a motion for a more definite statement. Appellant responded by filing an amended complaint on September 17, 1975. Appellee again filed a 12(b)(6) motion. The trial judge granted American Liberty’s motion to dismiss on September 17, 1975. Subsequently, Dixon brought this appeal.
*720 Kathy Ann Dixon was the wife of Larry Wayne Dixon, deceased. It is alleged that the deceased met with death due to the failure of Sheriff Purvis to provide him with adequate medical attention during the time he was a prisoner in jail. Dixon is suing in her individual capacity and also as administratrix of the estate of her deceased husband. Two counts of the complaint allege the failure of Sheriff Purvis to provide medical treatment to the deceased; two counts allege that the failure to provide medical treatment to the deceased was the result of negligent failure to act; and two counts allege willfulness on the part of Sheriff Purvis or his agents.
The trial judge dismissed Dixon’s claim under the rationale that compensatory damages cannot be had in a wrongful death action. Dixon does not question the soundness of .the -trial judge’s ruling as it regards wrongful death. Her appeal arises out of the fact that her action is ex contractu, .giving rise to compensatory damages, and thus, should not have been dismissed.
The question raised here is one of first impression on this court. After examining the law and policy on each side of the question, we hold that one with standing may sue in contract on an official bond to receive compensatory damages even when the breach of contract sued upon resulted in the death of another, which would give rise to an action for wrongful death.
Title 41, § SO, Code 1940, deals with the legal effect of the official bond and states as follows:
“Every official bond is obligatory on the principal and sureties thereon:
“1. For every breach of the condition during the time the officer continues in office, or discharges any of the duties thereof.
“2. For the faithful discharge of any duties which may be required of such officer by any law passed subsequently to the execution of such bond, although no such condition is expressed therein.
“3. For the use and benefit of every person who is injured, as well by 'any wrongful act committed under color of his office as by his failure to perform, or the improper or neglectful performance of those duties imposed by law.
“4. The words, ‘for the use and benefit of every person injured,’ as used herein, shall include all persons having a direct and proximate interest in the official act or omission and all persons connected with such official act or omission, by estate or interest(Emphasis supplied.)
It is important to examine subsections 3 and 4 of this statute as they relate to the facts of this case. Subsection 3 provides the legislative basis for Dixonls action, insuring that each injured citizen may benefit from the official bond. Dixon relies on the case of Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794, which supports the statutory guarantee. Webster also provides case law for Dixon’s claim. It stands, in part, for the proposition that the official bond of an officer is a contract that binds together, under obligation, the officer, the surety, and any citizen injured by the officer. In pertinent part, Webster states:
“ * * * The official bond of 'a deputy sheriff constitutes a contract between the officer and his surety, on the one hand, and the state and all persons who may be injured by a violation of such bond, on the other. * * * Though a breach of the bond by an assault and battery by the officer constitutes a tort, the action for d'amages is upon the contract, and not for the tort. The tort is but evidence of the breach of the contract, and the cause of action for the breach of contract survives the death of the officer. (Citations omitted.) * *
*721 Returning to the statute, subsection 4 provides specially that plaintiffs like Dixon, not actual recipients of the injury, but injured by means of interest or estate, have standing to sue on the bond. Certainly, Dixon falls into the category of “interest” through her relationship as widow of the deceased. Likewise, she is qualified by means of “estate” in her capacity as ad-ministratrix. This subsection permits Dixon to reach the official bond. This compels the conclusion that from the statute and Webster, an injured citizen has a right to sue on the official bond for 'a breach of the contract which arose from a tort, and that Dixon had a special right to sue on the official bond for the alleged breach in this case, by tort, both in her individual capacity as widow and in her capacity as ad-ministratrix of the deceased’s estate.
American Liberty contends that the action taken by Dixon cannot be in contract, but must be taken under the wrongful death statute. In support of that contention, American Liberty cites Thaggard v. Vafes, 218 Ala. 609, 119 So. 647, for the proposition that a tortious breach of contract duty, causing death, gives rise to a cause' of action for wrongful death. That is a correct statement of the law in Thag-gard so far as it goes. Yet, American Liberty seems to imply that wrongful death is the only cause of action available. That interpretation, however, is unwarranted.
Thaggard arose from a malpractice background. The defendant, a physician, undertook to treat the plaintiff’s intestate for an illness from which he was then suffering. The defendant conducted himself with such negligence that the plaintiff’s intestate died as a proxirriate result. In that context, this court stated:
While the authorities are agreed that ■a mere breach of contract is not a wrongful or negligent act, within the meaning of the statutes giving a right of action for wrongfully causing death, yet they are also agreed that the negligent or tortious breach of a duty to the person whose death is caused thereby is within the statute, though such duty arises out of contract.” (Citations omitted.)
Clearly, Thaggard provides wrongful death as one theory of recovery stemming from the breach of contract, but we do not read it as providing the only theory of recovery. It is not a mandate, barring all other causes of action. We agree with the law in Thag-gard-, but we would but point out that Thaggard does not provide the only valid means of recovery. Thaggard is not limiting in scope. It encompasses no words of limitation. It holds only words of suggestion to a plaintiff by providing for an alternative plan of action when death results in the breach of the contract and the plaintiff elects not to sue in tort.
We think the discussion in Shell v. Pittman, 229 Ala. 380, 157 So. 205, makes it plain that a suit on an official bond may be either in tort or ex contractu.
Each of American Liberty’s issues on appeal are predicated on the fact that Dixon brought an action in wrongful death. She did not. Therefore, the legal theories proffered by appellee have no relevance to the situation here.
It follows that the order of dismissal should be set 'aside and the cause reinstated for further proceedings.
REVERSED AND REMANDED.
HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.