SEE, Justice.
 

 Emma Jean Jenkins, in her capacity as personal representative and administratrix of the estate of Belinda Denise Hodge, filed this action against numerous defendants, including Jefferson County Sheriff Mike Hale, whom she sued individually and in his official capacity. During the course of the litigation, Jenkins dismissed the claims against Sheriff Hale in his official capacity. Sheriff Hale then moved the trial court to dismiss Jenkins’s remaining claims against him bn the basis that he is immune from liability. The Jefferson Circuit Court denied Sheriff Hale’s motion, and Sheriff Hale now petitions this Court for the writ of mandamus directing the trial court to dismiss the claims asserted against him. We grant the petition in part and deny it in part.
 

 Facts and Procedural History
 

 “Because we are reviewing a trial court’s ruling on a motion to dismiss, we treat the allegations in [Jenkinsj’s complaint as true.”
 
 Ex parte Davis,
 
 930 So.2d 497, 498 (Ala.2005) (citing
 
 Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C.,
 
 828 So.2d 285, 288 (Ala.2002)). Jenkins alleges that Sheriff Hale violated Hodge’s constitutional rights following her arrest and detention at the Jefferson County jail and that those violations caused Hodge’s death. Hodge was arrested on August 11, 2004, and was detained in the Jefferson County jail. Four days later, Hodge was taken to Cooper Green Hospital because of pain associated with surgery on Hodge’s back performed several months before her arrest. Hodge was transferred from Cooper Green to the University of Alabama at Birmingham Hospital (“UAB Hospital”), where she was diagnosed with an infection related to her back surgery. Hodge underwent additional back surgery at UAB Hospital and eventually returned to the
 
 *455
 
 Jefferson County jail on September 1, 2004. Jenkins alleges that Hodge made a written request for medical care on November 28, 2004, because her lower abdomen was swollen and she was not having bowel movements.
 
 [1]
 
 Hodge was admitted to Cooper Green on December 18, 2004; she died the next day. Jenkins alleges that when Hodge arrived at Cooper Green in December 2004, Hodge “had been constipated for three weeks, had not voided in three days and had suffered from fever and chills for four to five days.” Jenkins’s brief at 12. The complaint asserts that an autopsy revealed sepsis as the cause of Hodge’s death.
 

 Jenkins filed this action in her capacity as personal representative and administra-trix of Hodge’s estate, asserting two claims against Sheriff Hale in his individual capacity. Jenkins’s first count against Hale is brought under 42 U.S.C. § 1983,
 
 [2]
 
 in which she alleges that Sheriff Hale violated Hodge’s Eighth and Fourteenth Amendment rights by failing to provide Hodge with adequate medical care. The complaint also asserts a claim alleging breach of contract, specifically that Sheriff Hale’s failure to provide adequate medical care to Hodge violated the terms of Sheriff Hale’s official bond with Western Surety Company. On this count, Jenkins alleges that she is “entitled to recover from ... Western Surety Company for the said breach,” but also “demands judgment against the defendants, jointly and severally, for incidental and consequential damages in an amount to be determined by a struck jury-” Jenkins’s brief at Exhibit 2.
 

 Sheriff Hale moved the trial court to dismiss Jenkins’s claims against him, pursuant to Rule 12(b)(6), Ala. R. Civ. P.,
 
 [3]
 
 arguing that he was entitled to qualified immunity from Jenkins’s § 1983 claim. The trial court, however, found that Jenkins’s complaint was sufficiently pleaded to establish a § 1983 claim and that Sheriff Hale was not entitled to a dismissal. Sheriff Hale now petitions this Court for the writ of mandamus directing the trial court to dismiss both of Jenkins’s claims against him.
 

 Issues
 

 Sheriff Hale argues that he is entitled to the writ of mandamus on two grounds. First, he argues that he is entitled to immunity under Art. I, § 14, Ala. Const.
 
 *456
 
 1901, on Jenkins’s breach-of-contract claim. Second, Sheriff Hale argues that he is entitled to qualified immunity from Jenkins’s § 1983 claim.
 

 I.
 
 Jenkins’s Breach-of-Contract Claim
 

 Sheriff Hale asks this Court to direct the circuit court to dismiss Jenkins’s breach-of-contract claim against him on the basis of State immunity. Sheriff Hale argues that he is entitled to immunity under § 14, Ala. Const.1901, because, he says, Jenkins seeks in her breach-of-contract claim to recover money damages for those acts Sheriff Hale performed while he was working within the line and scope of his employment as a sheriff for the State of Alabama.
 

 A.
 
 Standard of Review
 

 “The writ of mandamus is an extraordinary legal remedy.
 
 Ex parte Mobile Fixture & Equip. Co.,
 
 630 So.2d 358, 360 (Ala.1993). Therefore, this Court will not grant mandamus relief unless the petitioner shows: (1) a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the Court.
 
 See Ex parte Wood,
 
 852 So.2d 705, 708 (Ala.2002).”
 

 Ex parte Davis,
 
 930 So.2d at 499. “‘[I]f an action is an action against the State within the meaning of § 14, such a case “presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent.” ’ ”
 
 Ex parte Davis,
 
 930 So.2d at 499 (quoting
 
 Haley v. Barbour County,
 
 885 So.2d 783, 788 (Ala.2004), quoting in turn
 
 Patterson v. Gladwin Corp.,
 
 835 So.2d 137, 142-43 (Ala.2002)). “ ‘Therefore, a court’s failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may properly be addressed by a petition for the writ of mandamus.’ ”
 
 Ex parte Davis,
 
 930 So.2d at 499-500 (quoting
 
 Ex parte Alabama Dep’t of Mental Health & Retardation,
 
 837 So.2d 808, 810-11 (Ala.2002)). Moreover, this Court may address this argument even if it was not presented to the trial court.
 
 See Atkinson v. State,
 
 986 So.2d 408, 411 (Ala.2007) (“The assertion of State immunity challenges the subject-matter jurisdiction of the court; therefore, it may be raised at any time by the parties or by a court
 
 ex mero motu.’’).
 

 B.
 
 Analysis
 

 Sheriff Hale argues that Art. 1, § 14, Ala. Const.1901, affords him immunity “in his individual capacity for actions taken in the line and scope of his employment as Sheriff.” Sheriff Hale’s petition at 7. He asserts that Jenkins’s breach-of-contract claim “seeks compensation for [the] alleged actions taken [by Sheriff Hale] during the course and scope of Sheriff Hale’s employment as Sheriff of Jefferson County” and, thus, that Sheriff Hale’s State immunity bars Jenkins’s breach-of-contract claim. Sheriff Hale’s petition at 8. Jenkins argues that she does not seek damages from Sheriff Hale but seeks only “to recover on her breach of contract claim through Sheriff Hale’s official bond with Western Surety Company.” Jenkins’s brief at 28.
 

 “Article I, § 14, Const. of Ala.1901, states that ‘the State of Alabama shall never be made a defendant in any court of law or equity.’ ‘The wall of immunity erected by § 14 is nearly impregnable.’ ”
 
 Ex parte Davis,
 
 930 So.2d at 500 (quoting
 
 Patterson,
 
 835 So.2d at 142). This Court has concluded that § 14, Ala. Const.1901, prohibits suits against a sheriff in his
 
 official
 
 capacity for conduct that occurred in the line and scope of the sheriffs employment.
 
 See Parker v. Amerson,
 
 519 So.2d 442, 442-43 (Ala.1987) (“A sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I,
 
 *457
 
 § 14, Alabama Constitution of 1901, in the execution of the duties of his office .... ”);
 
 Employees of the Montgomery County Sheriff’s Dep’t v. Marshall,
 
 893 So.2d 326, 331 (Ala.2004) (“State immunity immunizes the sheriff in his official capacity from liability for money damages.”).
 

 On the other hand, as this Court noted in
 
 Ex parte Davis:
 

 “ ‘Section 14 does not necessarily immunize State officers and agents from
 
 individual
 
 civil liability.’
 
 Gill v. Sewell,
 
 356 So.2d 1196, 1198 (Ala.1978). Whether immunity serves as a defense to an action against a state officer or employee sued in his individual capacity depends upon the degree to which the action involves a State interest. ...
 

 “When determining whether a State interest in an action against a state official or employee in his or her individual capacity is sufficient to trigger the immunity granted by § 14, our cases distinguish between the standards applied to those state agents or employees whose positions exist by virtue of legislative pronouncement and those who serve as the constitutional officers of this State. We have held that State-agent immunity may bar an action against a state agent or employee under the principles announced in
 
 Ex parte Cranman,
 
 792 So.2d 392 (Ala.2000).
 
 See Ex parte Butts,
 
 775 So.2d 173 (Ala.2000) (adopting, by majority, the
 
 Cranman
 
 restatement of the rule governing State-agent immunity).
 
 Hoivever, this Court has consistently held that a claim for monetary damages made against a constitutional officer in the officer’s individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer’s employment.’’
 

 930 So.2d at 500-01 (emphasis added).
 

 In this instance, Jenkins has asserted a breach-of-contract claim against Sheriff Hale in his individual capacity; accordingly, Sheriff Hale is not automatically entitled to immunity.
 
 See Ex parte Davis,
 
 supra. To determine whether Sheriff Hale is entitled to immunity we must determine whether Jenkins’s breach-of-contract claim is, in effect, a claim against the State. Jenkins does not contest that the actions giving rise to her breach-of-contract claim were actions taken by Hale in the execution of his duties as sheriff. Jenkins argues, however, that she seeks to recover on her breach-of-contract claim only on Sheriff Hale’s official bond from Western Surety Company and, thus, that her claim is not a claim against the State. Jenkins’s brief at Exhibit B. We disagree. Although Jenkins alleges that she “is entitled to recover from the defendant Western Surety Company for the said breach,” she also “demands judgment against the defendants, jointly and severally, for incidental and consequential damages in an amount to be determined by a struck jury .... ” Jenkins’s brief, Exhibit B. Jenkins’s second amended complaint clearly seeks a monetary award from Sheriff Hale in his individual capacity; thus, under our holding in
 
 Ex parte Davis,
 
 Sheriff Hale is entitled to State immunity on Jenkins’s breach-of-contract claim.
 
 [4]
 

 
 *458
 
 II.
 
 Jenkins’s § 1983 Claim
 

 Jenkins alleges that Sheriff Hale, as the supervisor of the jail, is liable for the alleged violations of Hodge’s constitutional rights. “ ‘Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.’ ”
 
 Hartley v. Parnell,
 
 193 F.3d 1263, 1269 (11th Cir.1999). Sheriff Hale argues that he is entitled to qualified immunity from liability on Jenkins’s § 1983 claim because, he says, Jenkins’s complaint is insufficiently pleaded.
 
 [5]
 
 Jenkins argues, however, that the pleadings are sufficient to defeat Sheriff Hale’s claim of immunity.
 
 [6]
 

 A.
 
 Standard of Review
 

 “A petition for a writ of mandamus ‘is an appropriate means for seeking review of an order denying a claim of immunity.’ ”
 
 Ex parte Haralson,
 
 853 So.2d 928, 931 (Ala.2003) (quoting
 
 Ex parte Butts,
 
 775 So.2d 173, 176 (Ala.2000)).
 

 “ ‘While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be, as it was in this case, raised and considered on a motion to dismiss.
 
 See Chesser v. Sparks,
 
 248 F.3d 1117, 1121 (11th Cir.2001). The motion to dismiss will be granted if the “complaint fails to allege the violation of a clearly established constitutional right.”
 
 Id. (citing Williams v. Ala. State Univ.,
 
 102 F.3d 1179, 1182 (11th Cir.1997)). Whether the complaint alleges such a violation is a question of law that we review de novo, accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiffs favor.
 
 Id.’
 
 ”
 

 Ex parte Alabama Dep’t of Youth Servs.,
 
 880 So.2d 393, 402-03 (Ala.2003) (emphasis omitted) (quoting
 
 St. George v. Pinellas County,
 
 285 F.3d 1334, 1337 (11th Cir.2002)).
 

 B.
 
 Analysis
 

 Under our standard of review, the primary issue this Court must address with regard to Sheriff Hale’s qualified-immunity defense is whether Jenkins’s “complaint fails to allege the violation of a clearly established constitutional right.”
 
 Ex parte
 
 
 *459
 

 Alabama Dep’t of Youth Servs.,
 
 supra. Inherent in this analysis are two questions: (1) whether “the applicable law was clearly established at the time of the challenged action,”
 
 Adams v. Franklin,
 
 111 F.Supp.2d 1255, 1263-64 (M.D.Ala.2000), and (2) whether the complaint alleges the violation of that right. It does not appear that Sheriff Hale disputes that “the applicable [Fourteenth Amendment right] was clearly established at the time of the challenged action.”
 
 See Adams,
 
 supra. Therefore, whether Sheriff Hale is entitled to qualified immunity from Jenkins’s § 1983 claim turns on whether the “complaint ... allege[s] the violation of [that] clearly established constitutional right.”
 
 See Ex parte Alabama Dep’t of Youth Servs.,
 
 880 So.2d at 402-03.
 

 i. Sheriff Hale’s personal participation
 

 Jenkins argues that her second amended complaint alleges that Hodge’s medical condition while she was at the Jefferson County jail was serious, that Sheriff Hale was aware of Hodge’s condition, and that Sheriff Hale failed or refused to obtain medical treatment for Hodge. The complaint further states that “[o]n or about November 28, 2004, [Hodge] made a written request for immediate medical care because her lower abdomen was extremely swollen and because her bowels were not moving.” Jenkins’s brief at 12-13. She also alleges that at the time Hodge was taken to the emergency room, Hodge “had been constipated for three weeks, had not voided in three days and had suffered from fever and chills for four to five days.” Jenkins’s brief at 12. The complaint further alleges that “[Sheriff Hale] ... [was] aware of Hodge’s condition but intentionally, knowingly, and/recklessly denied Hodge medical treatment for the condition” and that “[Sheriff] Hale ... [was] aware that Hodge had a serious and/or life threatening medical condition but failed to provide Hodge with medical treatment for her said condition.” Jenkins’s brief at 13. Finally, Jenkins alleges that “the failure of the above named defendants [including Sheriff Hale] to provide Hodge with medical care proximately caused Hodge’s death.” Jenkins’s brief, Exhibit B.
 

 “The case law [has] made it clear that an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate.”
 
 Lancaster v. Monroe County,
 
 116 F.3d 1419, 1425 (11th Cir.1997). As noted above, in determining whether Jenkins has “allege[d] the violation of [this] clearly established constitutional right” we look to the complaint, “accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiffs favor.”
 
 See Ex parte Alabama Dep’t of Youth Servs.,
 
 880 So.2d at 403 (emphasis omitted).
 

 The matter before us is Sheriff Hale’s clear legal right under Rule 12(b)(6), Ala. R. Civ. P., to have the § 1983 claim against him dismissed for failure to state a claim on which relief can be granted; therefore, we do not address the merits of the claim. On a motion to dismiss a § 1983 claim because of qualified immunity, this Court looks to the complaint to determine only whether the “ ‘ “complaint ... allege[s] the violation of a clearly established constitutional right.” ’ ”
 
 Alabama Dep’t of Youth Servs.,
 
 880 So.2d at 402 (quoting
 
 St. George,
 
 285 F.3d at 1337, quoting in turn
 
 Chesser v. Sparks,
 
 248 F.3d 1117, 1121 (11th Cir.2001)). “[A] jail official violates a pre-trial detainee’s Fourteenth Amendment right to due process if he acts with deliberate indifference to the serious medical needs of the detainee,”
 
 Lancaster,
 
 116 F.3d at 1425 (footnote omit
 
 *460
 
 ted). Jenkins has alleged in her complaint that Hodge had a serious medical need, that Sheriff Hale was aware of that need, and that he acted with deliberate indifference to that need. Therefore, we cannot conclude at this stage of the proceedings that Sheriff Hale is entitled to a dismissal of that portion of Jenkins § 1983 claim in which she alleges that Sheriff Hale personally deprived Hodge of her Fourteenth Amendment rights because her complaint alleges the violation of a clearly established constitutional right.
 

 ii. Sheriff Hale’s supervisory liability
 

 “ ‘Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability.’ They may, however, be liable under section 1983 ‘when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.’ ”
 
 Belcher v. City of Foley,
 
 30 F.3d 1390, 1396-97 (11th Cir.1994) (citations omitted). As the United States Court of Appeals for the Eleventh Circuit stated in
 
 Hartley v. Parnell,
 
 193 F.3d at 1269:
 

 “ ‘The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.’ ”
 

 (Quoting
 
 Brown v. Crawford,
 
 906 F.2d 667, 671 (11th Cir.1990).) The Eleventh Circuit Court of Appeals also noted that “the causal connection may be established and supervisory liability imposed where the supervisor’s improper ‘custom or policy ... result[s] in deliberate indifference to constitutional rights.’ ”
 
 Hartley,
 
 193 F.3d at 1269 (quoting
 
 Rivas v. Freeman,
 
 940 F.2d 1491, 1495 (11th Cir.1991)).
 

 a. Widespread abuse
 

 With respect to a history of widespread abuse, Jenkins alleges in her complaint that Sheriff Hale, as the supervisor of the jail, is liable for the alleged violations of Hodge’s constitutional rights because, she argues, “[Sheriff] Hale ... [was] on notice that a widespread problem existed wherein inmates of the County Jail were not receiving medical treatment for serious medical needs.” Jenkins’s brief, Exhibit B. Jenkins further alleges that the constitutional deprivations were “obvious, flagrant, rampant and/or of continued] duration.” In her complaint, Jenkins supports the allegations with references to statements made by Sheriff Hale in his March 2007 complaint for a declaratory judgment in the Jefferson Circuit Court in
 
 Hale v. Jefferson County et al.
 
 (CV-2007-01040) (“the DJA”). These references in her complaint allege that, in the complaint in the DJA, Sheriff Hale admitted to a “troubling pattern” with respect to inmate health care at the county jail. Jenkins’s complaint then identifies, from the DJA complaint, eight “lawsuits or notices of claims [that have been] filed ... [that] demonstrate that [Sheriff] Hale is fully aware this troubling pattern exists.” She alleges in her complaint that “[s]ome of these instances and others ... placed [Sheriff Hale] ... on notice of widespread problems of inadequate medical care in the County Jail and his need to correct the inmates’ constitutional deprivations” and that “[Sheriff Hale] ... failed to correct the widespread problems and constitutional deprivations.” Jenkins’s brief, Exhibit B (emphasis omitted). Jenkins concludes that “[Sheriff Hale’s] ... conduct proximately caused Hodge’s death.”
 

 Sheriff Hale argues that “by interjecting the DJA into these proceedings, [Jenkins]
 
 *461
 
 has plead[ed] herself out of the litigation.” Sheriff Hale’s petition at 20. Sheriff Hale argues that the DJA demonstrates that the problem of inmate medical care was not widespread, given the fact that the complaint in the DJA references only nine incidents over a three-year period, one of which is the incident involving Hodge. Furthermore, Sheriff Hale argues that not all of these incidents occurred before December 2004 and, thus, would not serve as notice of the alleged widespread violations. Finally, Sheriff Hale asserts that the existence of the DJA proves that he was, in fact, attempting to improve inmate health care.
 

 This matter is before us because the trial court declined to dismiss the § 1983 claim against Sheriff Hale, not because of the denial of a summary-judgment motion; therefore, we do not address whether Jenkins’s reference to the DJA would constitute substantial evidence of her claim.
 
 [7]
 
 We agree with Jenkins that she has sufficiently pleaded this issue to avoid a Rule 12(b)(6) dismissal.
 
 See Lloyd Noland Found., Inc. v. HealthSouth Corp.,
 
 979 So.2d 784, 791 (Ala.2007) (“ ‘In making this determination, [whether the pleader could prove any set of circumstances that would entitle her to relief under 12(b)(6), Ala. R. Civ. P.,] this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail.’ ” (quoting
 
 Nance v. Matthews,
 
 622 So.2d 297, 299 (Ala.1993))). Jenkins’s complaint alleges the existence of widespread constitutional violations, alleges that those violations were “obvious, flagrant, rampant and of continued duration, rather than isolated occurrences,” and alleges that Sheriff Hale was aware of those violations and failed to take corrective action.
 
 Hartley,
 
 193 F.3d at 1269. Therefore, Jenkins’s “complaint ... allege[s] the violation of a clearly established constitutional right,”
 
 Alabama Dep’t of Youth Servs.,
 
 880 So.2d at 402. Thus, in light of Jenkins’s allegation of widespread abuse with respect to medical care for inmates, Sheriff Hale has not demonstrated that he is entitled to a dismissal based on qualified immunity or that he has a clear legal right to mandamus relief on this issue.
 

 b. Custom or policy
 

 Jenkins also alleges that Sheriff Hale had in place at the jail the following four specific policies and/or customs that, she alleges, proximately resulted in Hodge’s death:
 

 “(a) policy and/or custom of failing to adequately staff the jail with medical personnel; (b) policy and/or custom of failing to train deputies and/or jail personnel on how to respond to an inmate’s request for medical attention; (c) policy and/or custom in place of failing to administer the correct dosage of medications and/or antibiotics to inmates of the County Jail; (d) policy and/or custom of failing to monitor and/or properly
 
 *462
 
 treat inmates of the County Jail who have known serious medical problems.”
 

 Jenkins’s brief, Exhibit B.
 
 [8]
 
 Sheriff Hale argues:
 

 “As set out in the DJA, Jefferson Metropolitan Health Care Authority and/or Jefferson County d/b/a Cooper Green Hospital and/or Jefferson Health System controlled the provision of inmate healthcare at the Jails. Therefore, these entities that were responsible for providing inmate healthcare enacted the customs or policies relating thereto.
 

 [[Image here]]
 

 “Because the aforementioned entities undertook and controlled the provision of inmate healthcare, Sheriff Hale did not establish or promulgate policies or customs regarding the provision of inmate healthcare at the Jails.”
 

 Sheriff Hale’s petition at 24. In support of this argument, Sheriff Hale cites
 
 Williams v. Limestone County,
 
 198 Fed.Appx. 893 (11th Cir.2006), an unpublished decision of the United States Court of Appeals for the Eleventh Circuit, in which that court noted that “supervisory officials are entitled to rely on medical judgments made by medical professionals responsible for prisoner care.” 198 Fed.Appx. at 897. However, even if this Court were to find
 
 Williams
 
 persuasive, at least one of the policies alleged by Jenkins to have enabled Jefferson County jail officials to allegedly deprive Hodge of her constitutional rights, that is, the “policy and/or custom of failing to train deputies and/or jail personnel on how to respond to an inmate’s request for medical attention,” is not related to “medical judgments made by medical professionals responsible for prisoner care.”
 
 Williams,
 
 supra.
 

 Sheriff Hale also cites
 
 Fretwell v. Deese,
 
 No. 2:04cv878-WHA (M.D.Ala. July 25, 2006)(not reported in F.Supp.2d), an unpublished order adopting the findings of the magistrate judge, in which the district court recognized that “[t]he law does not impose upon correctional officials a duty to directly supervise health care personnel, to set treatment policy for the medical staff, or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong.” Again, however, at least one of the policies Jenkins alleges contributed to the alleged deprivation of Hodge’s constitutional rights was unrelated to medical treatment, medical care, or medical judgment. Therefore, neither
 
 Williams
 
 nor
 
 Fretwell
 
 demonstrates that Sheriff Hale is entitled to a dismissal of Jenkins’s § 1983 claim under Rule 12(b)(6).
 

 Under
 
 Hartley,
 
 Jenkins was required to plead that Sheriff Hale’s “improper ‘cus
 
 *463
 
 tom or policy ... resulted in deliberate indifference to constitutional rights,’ ”
 
 Hartley,
 
 193 F.3d at 1269. In her complaint, Jenkins alleges that “[Sheriff Hale] ... had policies and/or customs in place that caused medical treatment to be denied to inmates of the County Jail” and that “the failure of [Sheriff Hale] ... to correct these policies and/or customs ... enabled Sheriffs Deputies, jail personnel and/or medical personnel to deprive Hodge ... of [her] constitutional right.” Jenkins’s brief, Exhibit B. Jenkins’s “complaint ... allege[s] the violation of a clearly established constitutional right,”
 
 Alabama Dep’t of Youth Servs.,
 
 880 So.2d at 402. Therefore, at this stage of the proceedings, Sheriff Hale is not entitled to a dismissal of Jenkins’s § 1983 claim against him based on qualified immunity and, thus, is not entitled to mandamus relief on this issue.
 

 Conclusion
 

 We conclude that Sheriff Hale is entitled to State immunity under § 14, Ala. Const. 1901, on Jenkins’s breach-of-contract claim. Therefore, we grant his petition as to that claim and direct the trial court to dismiss Jenkins’s breach-of-contract claim against Sheriff Hale. However, we conclude that Jenkins’s complaint sufficiently alleges a violation of Hodge’s constitutional rights and that at this stage in the proceedings Sheriff Hale is not entitled to a dismissal of Jenkins’s § 1983 claim based upon Sheriff Hale’s, qualified immunity. Therefore, we deny Sheriff Hale’s petition on that ground.
 

 PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
 

 COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
 

 [1]
 

 . The materials before this Court do not indicate to whom such a request is made, only that Hodge made her request for "immediate medical care” to "Sheriff Hale and other defendants.”
 

 [2]
 

 . 42 U.S.C. § 1983 provides:
 

 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer’s judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.”
 

 [3]
 

 .Rule 12(b)(6), Ala. R. Civ. P., provides:
 

 “Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... 6) failure to state a claim upon which relief can be granted
 
 ...
 

 [4]
 

 . Our holding leaves Western Surety Company as a defendant in Jenkins’s breach-of-contract claim.
 
 Dixon v. American Liberty Insurance Co.,
 
 332 So.2d 719, 721 (Ala.1976), allowed an action brought by a widow, individually and as next friend of her minor son, and as administratrix of the estate of her deceased husband, to proceed against a surety on the bond of a sheriff on the ground that the decedent died as a result of the failure of the sheriff to provide him with adequate medical treatment while he was in jail. Neither party in the case before us asks this Court to address whether such an action is
 
 *458
 
 . permissible or to revisit the holding in
 
 Dixon.
 

 [5]
 

 . Sheriff Hale also asserts that Jenkins's § 1983 claim against him should be dismissed because, he argues, Jenkins’s claim fails to meet the "heightened pleading standard" applied by "the federal courts" to § 1983 claims against government officials. In support of this position, he relies exclusively on caselaw from the United States Court of Appeals for the Eleventh Circuit and states that this Court is required to abide by those decisions. However, "the correct rule, briefly stated, is that '[t]his Court
 
 may rely
 
 on a decision of any federal court, but it is bound by the decisions of the United States Supreme Court.’ ”
 
 Weems v. Jefferson-Pilot Life Ins. Co.,
 
 663 So.2d 905, 913 (Ala.1995) (quoting
 
 Ex parte Gurganus,
 
 603 So.2d 903, 908 (Ala.1992) (Shores, J„ concurring specially)(emphasis omitted; emphasis added)). Because we are not bound by the decisions of the Eleventh Circuit and because Sheriff Hale has not asked us to adopt the "heightened pleading standard” applied by the Eleventh Circuit, we do not address whether this standard is applicable under Alabama law, nor do we apply such a heightened pleading standard in this case.
 

 [6]
 

 . Jenkins argues that Sheriff Hale violated Hodge's Eighth and Fourteenth Amendment rights. However, the parties agree that because Hodge was a pretrial detainee, the Eighth Amendment is inapplicable.
 
 See
 
 Jenkins’s brief at 29 ("Jenkins conceded in the trial court that since [Hodge] was a pre-trial detainee at the time of her death, her § 1983 claims against [Sheriff] Hale should only be brought under ... the Fourteenth Amendment.”).
 

 [7]
 

 .
 
 See Phillips v. Thomas,
 
 555 So.2d 81, 86 (Ala.1989) ("This Court has held that qualified immunity from suit for negligence arising out of a discretionary act is an affirmative defense which must be raised and proved by the defendant.
 
 See Bell v. Chisom,
 
 421 So.2d 1239 (Ala.1982); and
 
 Hickman [v. Dothan City Bd. of Educ.],
 
 421 So.2d 1257 (Ala.1982). As such, a plaintiff's complaint against a state official or employee, seeking damages for personal injury arising out of the negligent performance of the defendant’s official duties, does state a valid cause of action, and, as such, will survive the defendant’s motions to dismiss and for judgment on the pleadings, even if the defendant raises the affirmative defense of qualified immunity. The summary judgment stage, then, becomes the step at which the court must determine whether the case should proceed forward, and at which the defendant must meet his burden of showing that the alleged negligence arose out of a discretionary or nonministerial act, in order to avail himself of qualified immunity from suit.”).
 

 [8]
 

 . Sheriff Hale cites
 
 McDowell v. Brown,
 
 392 F.3d 1283, 1289 (11th Cir.2004), and
 
 Fundiller v. City of Cooper City,
 
 777 F.2d 1436, 1442 (11th Cir.1985). Both involve § 1983 claims against municipalities, and both essentially state the same requirement that we recite above from
 
 Hartley
 
 — that the “causal connection may be established and supervisory liability imposed where the supervisor's improper 'custom or policy ... result[s] in deliberate indifference to constitutional rights.' ”
 
 See McDowell,
 
 392 F.3d at 1289 ("[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.”);
 
 Fundiller, 777
 
 F.2d at 1442 ("[LJiability [of a municipality] may be predicated upon a showing that a government employee’s unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body’s officers,’ or is ‘visited pursuant to governmental "custom” ....’ Regardless whether the basis of the claim is an officially promulgated policy or an unofficially adopted custom, it must be the 'moving force behind the constitutional deprivation before liability may attach.'
 
 ”).