BRYAN, Justice.
Anthony Haywood and Daniel Hall have appealed a judgment of the Clay Circuit Court, dismissing claims against Sheriff Dorothy “Jean Dot” Alexander, which were filed as part of a counterclaim in an action filed against Phillip Eugene Green, Haywood, and Hall by Scott Cotney, an administrator at the Clay County jail (“the jail”). We affirm the judgment in part, reverse it in part, and remand the case for further proceedings.

Facts and Procedural History

In 2010, Cotney sued Green, a former correctional officer at the jail, and Hay *974 wood and Hall, former inmates at the jail, alleging defamation, slander, libel, invasion of privacy, negligence, and wantonness. The claims resulted from a report filed by Green, Haywood, and Hall with the Alabama Department of Corrections, claiming that Cotney had used his position as an administrator at the jail to sexually abuse and/or to assault Haywood and Hall while they were incarcerated in the jail.
Haywood and Hall filed a counterclaim against Cotney, pursuant to 42 U.S.C. § 1988, alleging that Cotney had violated Haywood’s and Hall’s rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Haywood and Hall also named as counterclaim defendants the Clay County Commission (“the commission”) and Sheriff Alexander, in her official and individual capacities. Haywood and Hall alleged “that Sheriff Alexander ... had knowledge of [Cotney’s] unlawful acts ... and permitted the abuse to occur.” Haywood and Hall’s brief, at 2. Arguing a theory of supervisor liability, Haywood and Hall “made the same claims against her as were made against Cotney in addition to a claim for negligent supervision.” Id.
Cotney denied the allegations in the counterclaim, and the commission and Sheriff Alexander moved the circuit court to dismiss the counterclaim against them, citing Rule 12(b)(6), Ala. R. Civ. P. Haywood and Hall consented to the dismissal of the claims against the commission; those claims were dismissed. After a hearing, the circuit court dismissed the claims against Sheriff Alexander as well, stating simply that the commission and Sheriff Alexander’s motion to dismiss was “well-taken.” The circuit court certified its judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P., and Haywood and Hall appealed.

Issues

Haywood and Hall argue that the circuit court erred in granting Sheriff Alexander’s motion to dismiss the claims against her. Specifically, they argue (1) that their failure to identify Sheriff Alexander as a third-party defendant rather than a counterclaim defendant was not fatal to their complaint; (2) that Haywood and Hall were convicted felons, not pretrial detainees, during the relevant period and therefore had certain rights under the Eighth Amendment, which were violated; (8) that Haywood’s and Hall’s rights pursuant to the Fourth Amendment were violated because they were subject to “numerous acts of unlawful strip searches and bodily invasion perpetrated upon them by Cotney while he was the administrator of the [jail]”; (4) that Sheriff Alexander is not entitled to immunity under the Eleventh Amendment of the United States Constitution on the federal claims against her in her official capacity, or to State immunity pursuant to Article I, § 14, Alabama Constitution 1901, on the state-law claims against her in both her individual and official capacities; and (5) that Sheriff Alexander is not entitled to qualified immunity on the federal claims against her.

Standard of Review

“On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [he] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the *975 plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993) (citations omitted).

Analysis

The circuit court did not specify in its judgment of dismissal the reasons it granted Sheriff Alexander’s motion to dismiss. On appeal, Haywood and Hall attack the several grounds presented in the motion, arguing that none of those grounds provided a proper basis for dismissing the claims against Sheriff Alexander.
First, Haywood and Hall note that Sheriff Alexander argued in her motion that “[t]he asserted ‘counterclaims’ [were] not, in fact, counterclaims and [were] instead third party claims that [were] due to be dismissed.” She went on to argue:
“Sheriff Alexander [is] not [a] partfy] to the original lawsuit in this matter. [She is], instead, [a] third partfy] to the initial lawsuit. It is therefore a misnomer to call the claims against [her] ‘Counter Claims,’ because counterclaims under Rule 13 of the Alabama Rules of Civil Procedure are asserted only against the original plaintiff(s).”
However, as Haywood and Hall note, Rule 13(h), Ala. R. Civ. P., provides: “Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20[, Ala. R. Civ. PJ.” Rule 20(a), Ala. R. Civ. P., provides, in pertinent part:
“All persons may be joined in the action as defendants if there is asserted against them jointly, severally, or in the alternative, any right of relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.”
The claims alleged against Sheriff Alexander in the counterclaim based on her supervisory responsibilities for Cotney and for the jail clearly arise out of the same transactions or occurrences as do the claims against Cotney. Thus, pursuant to Rules 13(h) and 20(a), Ala. R. Civ. P., the addition of Sheriff Alexander to the action as a counterclaim defendant and not as a third-party defendant was proper, and Sheriff Alexander was not entitled to have the claims against her dismissed on the basis that it was error to do so. See also Century 21 Paramount Real Estate, Inc. v. Hometown Realty, LLC, 34 So.3d 658, 663 (Ala.2009) (“Rule 13(h) provides that persons other than the original parties to the action may be joined in accordance with Rule 20 as additional defendants in connection with a party’s filing of a counterclaim. Rule 20(a) provides that all persons may be joined in one action as defendants if the claims against them arise out of the same transactions or occurrences.”). Sheriff Alexander has submitted no brief to this Court and thus has made no argument to the contrary.
Haywood and Hall next argue:
“Sheriff Alexander argued in the lower court that the claim against her for violation of civil and constitutional rights under the ... Eighth Amendment to the Constitution of the United States should be dismissed because Hall and Haywood were ‘pre-trial detainees’ and ‘only the Fourteenth Amendment could actually apply’ to their claims.”
Haywood and Hall’s brief, at 25. In her motion to dismiss, Sheriff Alexander argued that, “as pre-trial detainees, only the Fourteenth Amendment could actually apply to these claims, as the Eight[h] Amendment applies only to convicted prisoners,” and cited Bell v. Wolfish, 441 U.S. *976 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), in support of her argument. The Supreme Court in Bell stated:
“The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees. Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be ‘cruel and unusual’ under the Eighth Amendment. The Court recognized this distinction in Ingraham v. Wright, 430 U.S. 651, 671-672, n. 40 (1977): ‘Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. See United States v. Lovett, 328 U.S. 303, 317-318 (1946).... [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.’ ”
Bell, 441 U.S. at 537 n. 16.
However, Haywood alleges that he was abused at the jail from 2008 to 2010; Hall alleges that he was abused after his transfer to the jail in 2008. Haywood was a pretrial detainee in early 2008, but he entered a guilty plea later that year to, among other things, a charge of unlawful possession of a controlled substance. Thus, Haywood was a convicted felon for at least part of the relevant period. See § 13A-12-212(b), Ala.Code 1975 (“Unlawful possession of a controlled substance is a Class C felony.”). Hall pleaded guilty in 2006 to third-degree burglary and, therefore, was a convicted felon during the relevant period. See § 13A-7-7(b), Ala.Code 1975 (“Burglary in the third degree is a Class C felony.”). Therefore, Sheriff Alexander was not entitled to have the Eighth Amendment claims against her dismissed on the basis that Haywood and Hall were pretrial detainees to whom the protections of the Eighth Amendment did not apply.
Sheriff Alexander also argued in the court below that Haywood’s and Hall’s Fourth Amendment claims against her should be dismissed because they had not alleged that she “personally participated in any type of search or seizure of [Hall and Haywood].” Haywood and Hall do not dispute that Sheriff Alexander did not personally participate in the searches they allege violated the Fourth Amendment. They argue, instead:
“Haywood and Hall claim violations of their Fourth Amendment right under the United States Constitution to be free from unlawful search and seizure as they were the victims of numerous acts of unlawful strip searches and bodily invasion perpetrated upon them by Cot-ney while he was the administrator of the [jail]. Sheriff Alexander has legal responsibility and supervisor liability for Cotne/s wrongful conduct as she ‘has the legal custody and charge of the jail in her county and all prisoners committed thereto’ and thus has supervisory responsibility over Cotney.”
Haywood and Hall’s brief, at 26 (emphasis added).
“ ‘ “Supervisor liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a *977 history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and [she] fails to do so. The deprivations that constitute widespread abuse sufficient to notice the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences.” ’ ”
Ex parte Alabama Dep’t of Youth Servs., 880 So.2d 393, 403 (Ala.2003) (quoting Braddy v. Florida Dep’t of Labor & Emp’t Sec., 133 F.3d 797, 802 (11th Cir.1998), quoting in turn Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.1990) (emphasis omitted)).
Haywood and Hall’s counterclaim alleges that Sheriff Alexander
“had knowledge that Hall and Haywood were being subjected to sexual assault on an ongoing and continuous basis while in the custody of [Sheriff Alexander] yet did not take appropriate action. [Sheriff Alexander], despite knowledge of customs and practices of the Clay County jail in the exploitation of its inmates and the opportunity created thereby for abuse, did not take appropriate action to prevent such abuse and did thereby deprive [Haywood and Hall] of their rights against cruel and unusual punishment, invasion of their right to privacy and bodily integrity and due process rights under the Fourth, Eighth and Fourteenth Amendments] to the Constitution of the United States in violation of 42 U.S.C. § 1983.”
Thus, the counterclaim alleges “a causal connection between actions of [Sheriff Alexander (i.e., her failure to address the alleged ‘ongoing and continuous’ sexual assault of Clay County inmates),] and the alleged constitutional deprivation [ (i.e., the violation of Haywood’s and Hall’s Fourth Amendment rights) ].” Ex parte Alabama Dep’t of Youth Servs., 880 So.2d at 403. Therefore, pursuant to this Court’s decision in Ex parte Alabama Department of Youth Services, Sheriff Alexander is not entitled to have Haywood’s and Hall’s Fourth Amendment claims against her dismissed on the basis that she cannot be held vicariously liable for the alleged violations.[1]
Haywood and Hall next argue:
“Sheriff Alexander is not entitled to absolute immunity pursuant to the Eleventh Amendment to the Constitution of the United States. Her argument in the [circuit] court that she has absolute immunity against state law claims due to her position as an executive officer of the State of Alabama under Article I, § 14 of the Alabama Constitution of 1901, should fail.”
Haywood and Hall’s brief, at 28.
Sheriff Alexander argued in her brief in support of her motion to dismiss that “[t]he federal claims against [her] in her official capacity are barred by the Eleventh Amendment to the United States Constitution.” She also argued that, “as an executive officer of the State, [she] is immune from suit under Article I, § 14 of the Alabama Constitution of 1901. This section immunizes Sheriff Alexander from all state law claims, even though she is [being] sued in her individual and official capacities.”
With regard to the state-law claims, Sheriff Alexander cited, among other cases, Hereford v. Jefferson County, 586 So.2d 209 (Ala.1991), in which this Court *978 held that a sheriff was entitled to State immunity under § 14 on claims against him in both his individual and official capacities. This Court stated:
“In Parker v. Amerson, 519 So.2d 442 (Ala.1987), the Eleventh Circuit Court of Appeals asked this Court to decide whether a sheriff is an employee of a county for purposes of holding the county vicariously liable. We held that a sheriff is an employee of the state, rather than a county, based on the following constitutional provision: ‘The executive department shall consist of a governor ... and a sheriff for each county.’ Article V, § 112, Alabama Constitution of 1901. As executive officers, sheriffs have sovereign immunity under Article I, § If, of the Alabama Constitution, which reads: ‘[T]he State of Alabama shall never be made a defendant in any court of law or equity.’ The only exceptions to such immunity are for actions brought against a sheriff:
“ ‘(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the Statute.’ ”
586 So.2d at 210 (quoting Parker, 519 So.2d at 443 (emphasis added)). Haywood and Hall have not argued that any of the exceptions listed in Hereford apply to their claims against Sheriff Alexander. Nor have they cited any authority to support their argument that Sheriff Alexander is not entitled to immunity on the state-law claims against her.
Similarly, Haywood and Hall have not cited any authority for their argument that Sheriff Alexander is not entitled to immunity on the federal claims against her in her official capacity. As the United States Court of Appeals for the Eleventh Circuit has noted, claims against a sheriff in his or her official capacity made pursuant to § 1983 are prohibited by the Eleventh Amendment to the United States Constitution. See Dean v. Barber, 951 F.2d 1210, 1215 n. 5 (11th Cir.1992) (“Dean’s suit, to the extent that it attempts to hold Sheriff Bailey or other members of the Jefferson County Sheriffs Department liable in their official capacity under section 1983, is barred because the sheriffs are employees of the State of Alabama. Dean’s suit against the sheriffs in their official capacity, therefore, is prohibited by the Eleventh Amendment because the State of Alabama is the real party in interest.”).
Haywood and Hall have not demonstrated that the circuit court erred in dismissing the federal claims against Sheriff Alexander in her official capacity or the state-law claims against Sheriff Alexander in her official and individual capacities. Therefore, the circuit court’s judgment is due to be affirmed with regard to those claims.
Haywood and Hall also argue that Sheriff Alexander is not entitled to qualified immunity on the federal claims against her in her individual capacity.[2] This Court has stated:
*979 “ ‘[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.’
“Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). ‘Qualified immunity is designed to allow government officials to avoid the expense and disruption of going to trial, and is not merely a defense to liability.’ Hardy v. Town of Hayneville, 50 F.Supp.2d 1176, 1189 (M.D.Ala.1999). ‘An official is entitled to qualified immunity if he is performing discretionary functions and his actions do “ ‘not violate clearly established statutory or constitutional rights of which a reasonable person would have known.”” Hardy, 50 F.Supp.2d at 1189 (quoting Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir.1997)).
“‘While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be, as it was in this case, raised and considered on a motion to dismiss. See Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir.2001). The motion to dismiss will be granted if the “complaint fails to allege the violation of a clearly established constitutional right.” Id. (citing Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir.1997)). Whether the complaint alleges such a violation is a question of law that we review de novo, accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiffs favor. Id.’”
Ex parte Alabama Dep’t of Youth Servs., 880 So.2d at 402-03 (quoting St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir.2002) (emphasis omitted)).
In Ex parte Alabama Department of Youth Services, this Court addressed, among other things, whether the executive director of the Department of Youth Services (“DYS”), J. Walter Wood, Jr., could be liable under a theory of supervisory responsibility for injuries to minor plaintiffs resulting from sexual assaults allegedly committed by DYS employees while the minor plaintiffs were in the custody of DYS.
“The [minor] plaintiffs alleged a claim against Wood under 42 U.S.C. § 1983 for deliberate indifference to their ‘rightfs] to personal safety, security and privacy, guaranteed by the Fourteenth Amendment’ while Wood was ‘acting under color of state law.’ The [minor] plaintiffs alleged that Wood ‘failed to develop, implement or administer procedures or policies reasonably designed to provide protection for the minor Plaintiffs from sexual harassment and abuse’; failed ‘to prevent male employees of DYS from sexually abusing and harassing them’; failed ‘to investigate prior complaints’ against [certain employees]; and failed ‘to protect the Plaintiffs from harm and from further harm after [Wood] received notice of the sexual harassment and abuse and the potential for sexual harassment of them.”
880 So.2d at 397.
Wood moved to dismiss the federal claims against him in his individual capacity “on the ground[] of federal qualified immunity.” Id. After reviewing the relevant law, this Court concluded:
“The [minor] plaintiffs’ complaint alleges Wood’s violation of their clearly established constitutional right to ‘bodily integrity’ pursuant to the Fourteenth Amendment to the United States Constitution. The [minor] plaintiffs’ complaint further alleges that Wood failed ‘to protect the plaintiffs from harm and *980 from further harm after he received notice of the sexual harassment and abuse and the potential for sexual harassment’ ... committed by DYS employees against the plaintiffs. Therefore, Wood has not shown a clear legal right to a dismissal of the [minor] plaintiffs’ § 1983 claim on the ground of federal qualified immunity.”
880 So.2d at 403 (citation and emphasis omitted).
Here, Sheriff Alexander, like Wood, argued that she was entitled to qualified immunity on the federal claims against her in her individual capacity. However, Haywood and Hall’s counterclaim, like the complaint in Ex parte Department of Youth Services, alleged that Sheriff Alexander’s failure to act led to a violation of their constitutional rights. They alleged, among other things:
“35. [Sheriff] Alexander, acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, [was] deliberately indifferent to the Plaintiffs’ safety in that [she] had knowledge that Hall and Haywood were being subjected to sexual assault on an ongoing and continuous basis while in the custody of [Sheriff Alexander] yet did not take appropriate action. [Sheriff Alexander], despite knowledge of customs and practices of the Clay County jail in the exploitation of its inmates and the opportunity created thereby for abuse, did not take appropriate action to prevent such abuse and did thereby deprive the Plaintiffs of their rights against cruel and unusual punishment, invasion of their right to privacy and bodily integrity and due process rights under the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.
[[Image here]]
“38. [Sheriff Alexander] [has] consistently acted with deliberate indifference to the safety needs of inmates in the county jail, including Hall and Haywood, by violating clearly established statutory and/or constitutional rights of which a reasonable person would know and that such violation directly caused [Haywood and Hall] to be subjected to sexual assault and exploitation in violation of their due process rights to be free from cruel and unusual punishment and unlawful invasion of privacy and bodily integrity.”
Thus, Haywood and Hall, like the minor plaintiffs in Ex parte Alabama Department of Youth Services, “[have] allege[d] the violation of a clearly established constitutional right,” 880 So.2d at 402, and, therefore, Sheriff Alexander “has not shown a clear legal right to a dismissal of [Haywood’s and Hall’s] § 1983 claim[s] on the ground of federal qualified immunity.” 880 So.2d at 403.
Similarly, in Ex parte Hale, 6 So.3d 452 (Ala.2008), Emma Jean Jenkins, representing the estate of Belinda Denise Hodge, alleged, among other things, that Sheriff Mike Hale’s failure to adequately train the staff of the Jefferson County jail proximately caused violations of Hodge’s constitutional lights. This Court stated:
“Jenkins was required to plead that Sheriff Hale’s ‘improper “custom or policy ... resulted in deliberate indifference to constitutional rights[.]” ’ Hartley [v. Parnell], 193 F.3d [1263,] 1269 [(11th Cir.1999) ]. In her complaint, Jenkins alleges that ‘[Sheriff Hale] ... had policies and/or customs in place that caused medical treatment to be denied to inmates of the County Jail’ and that ‘the failure of [Sheriff Hale] ... to correct these policies and/or customs ... enabled Sheriffs Deputies, jail personnel and/or medical personnel to deprive *981 Hodge ... of [her] constitutional rights.’ Jenkins’s brief, Exhibit B. Jenkins’s ‘complaint allege[s] the violation of a clearly established constitutional right.’ Ex parte Alabama Department of Youth Services, 880 So.2d at 402. Therefore, at this stage of the proceedings, Sheriff Hale is not entitled to a dismissal of Jenkins’s § 1983 claim against him based on qualified immunity and, thus, is not entitled to mandamus relief on this issue.”
Ex parte Hale, 6 So.3d at 462-63.
Haywood and Hall, like Jenkins, have alleged that
“[Sheriff Alexander], acting with deliberate indifference, among other things, failed to develop and implement adequate policies and procedures and failed to train personnel under [her] supervision, with the foreseeable result that inmates such as Hall and Haywood would be exploited and abused for sexual gratification.”
Haywood and Hall have also alleged that “[t]he sexual abuse, emotional and psychological harm, pain and suffering inflicted upon Haywood and [Hall] is directly attributable to the customs and/or policies of [Sheriff Alexander]” and that Sheriff Alexander
“failed to develop and implement adequate policies and procedures for the protection of and safety of inmates entrusted into [her] custody such as to protect inmates from the abuse alleged herein and failed to train personnel regarding the proper handling of inmates and the requirement of reporting misconduct by correction officers that impacts or jeopardizes inmate safety. These longstanding systematic failures constitute policies and/or customs of [Sheriff Alexander] that made it foreseeable that sexual exploitation and abuse of Hall and Haywood would occur at the hands of [Cotney], thereby depriving Hall and Haywood of their rights against cruel and unusual punishment, invasion of their right to privacy and bodily integrity and due process rights under the Fourth, Eighth and Fourteenth Amendments] to the Constitution of the United States in violation of 42 U.S.C. § 1983.”
Viewing the allegations in the counterclaim “most strongly in [Haywood’s and Hall’s] favor,” Nance, 622 So.2d at 299, we conclude that the counterclaim in this case does, in fact, allege violations of the constitutional rights set forth in the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Therefore, “at this stage of the proceedings, Sheriff [Alexander] is not entitled to a dismissal of [the] § 1983 claimfs] against [her] based on qualified immunity.” Ex parte Hale, 6 So.3d at 463.
Finally, Haywood and Hall argue that they were not required to comply with any heightened pleading standards for claims made pursuant to § 1983. Citing GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359 (11th Cir.1998), Sheriff Alexander argued that “[t]he Counterclaim-ants’ claims under § 1983 are also due to be dismissed as those claims fail to meet the heightened pleading standard required for properly pleading such claims.”
However, as Haywood and Hall note, this Court stated in Ex parte Hale that the Court
“ ‘ “may rely on a decision of any federal court, but it is bound by the decisions of the United States Supreme Court.” ’ Because we are not bound by the decisions of the Eleventh Circuit and because Sheriff Hale has not asked us to adopt the ‘heightened pleading standard’ applied by the Eleventh Circuit, we do not address whether this standard is applicable under Alabama law, nor do *982 we apply such a heightened pleading standard in this case.”
6 So.3d at 458 n. 5 (quoting Weems v. Jefferson-Pilot Life Ins. Co., 663 So.2d 905, 913 (Ala.1995), quoting in turn Ex parte Gurganus, 603 So.2d 903, 908 (Ala.1992) (Shores, J., concurring specially) (emphasis omitted)).
Sheriff Alexander has not filed a brief with this Court and has thus not asked this Court to adopt any heightened pleading standards for § 1983 claims. Therefore, we do not apply any such standard in this case, and Sheriff Alexander is not entitled to have the § 1983 claims dismissed on that basis.

Conclusion

Haywood and Hall have not demonstrated any error in the circuit court’s decision to dismiss the federal claims against Sheriff Alexander in her official capacity or the state-law claims against her in both her official and individual capacities. Therefore, the circuit court’s judgment is affirmed insofar as it dismissed those claims. However, for the reasons set forth in this opinion, at this stage of the proceedings Sheriff Alexander is not entitled to a dismissal of the federal claims against her in her individual capacity.[3] Therefore, we reverse the circuit court’s judgment in that regard and remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MOORE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.

. No argument was made in either the motion to dismiss or in Haywood and Hall's brief on appeal as to whether "unlawful strip searches and bodily invasion" constitute "illegal searches or seizures” for purposes of the Fourth Amendment. Therefore, we do not address that issue at this time.

. Haywood and Hall argue that Sheriff Alexander is not entitled to qualified immunity on any of the claims against her. Because we have determined that she is entitled to immunity on the federal claims against her in her official capacity and on all state-law claims against her, our analysis with regard to qualified immunity is limited to the federal claims against Sheriff Alexander in her individual capacity.

. This opinion does not address the merits of the claims against Sheriff Alexander. Nor does "[o]ur opinion in this case ... address any defense other than [Sheriff Alexander's] claims of immunity ... [or] foreclose a reassertion of the immunity claims by way of a motion for summary judgment after appropriate discovery.” Ex parte Alabama Dep’t of Youth Servs., 880 So.2d at 405.