[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10024

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00661-CV-CG-M

SUZANNE LEFRERE,
Personal Representative of the
Estate of Ross Paul Yates, deceased,
ELAINE GARNER,
Personal Representative of the
Estate of Ross Paul Yates, deceased,

                                        Plaintiffs-Appellees,

versus

JORGE QUEZADA,

                                        Defendant-Appellant,

Baldwin County Commission,
James B. Johnson,
Steve Arthur,

                                        Defendants.

—————————————————

Appeal from the United States District Court
for the Southern District of Alabama

—————————————————

(December 4, 2009)

Before CARNES and PRYOR, Circuit Judges, and DOWD,[*] District Judge.

CARNES, Circuit Judge:

We recently issued an opinion certifying to the Alabama Supreme Court this question of state law: "Are jailers, like sheriffs and their deputies, absolutely immune from state claims for money damages based on actions taken within the scope of their employment?" LeFrere v. Quezada, 582 F.3d 1260, 1269 (11th Cir. 2009). We did so because we needed to know whether the Erie-guess we made twelve years ago in Lancaster v. Monroe County, 116 F.3d 1419, 1431 (11th Cir. 1997), that jailers were entitled to that immunity was an accurate statement of Alabama law. LeFrere, 582 F.3d at 1268. Only seven days after we issued our opinion certifying that question, the answer came from the Alabama Supreme Court in another case. See Ex parte Shelley, — So. 3d —, Nos. 1080588, 1080863, 2009 WL 2997498 (Ala. Sept. 18, 2009).

———————————————

[*] Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

2

Because of the <u>Shelley</u> decision, we now know that our <u>Lancaster</u> decision is not an accurate statement of Alabama law. We now know that jailers are not entitled to absolute state immunity under Art. I, § 14 of the Alabama Constitution. Because that is all we need to know to decide this appeal, the Alabama Supreme Court quite understandably and politely declined to answer our certified question in light of its <u>Shelly</u> decision. <u>Quezada v. LeFrere</u>, No. 1081741 (Ala. Dec. 1, 2009). The <u>Shelly</u> decision is the answer to our question.

Because the <u>Shelley</u> decision effectively overrules our <u>Lancaster</u> decision on the issue of absolute immunity for Alabama jailers facing state law claims, Officer Quezada's motion to dismiss on that ground was properly denied.

**AFFIRMED.**