[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11445
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2010
JOHN P. LEY
ACTING CLERK

D. C. Docket No. 08-22334-CV-CMA

MAMIE A. HORNE,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
ATTORNEY GENERAL,
Eric Holder, Jr.,
COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,
Michael J. Astrue,
LINDA M. SPRINGER,
Director, OPM,
JOHN SNOW,
Director U.S. Treasury Department,
GEORGE ROMAGNOLI,
Pasco County Community Development , et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Mamie A. Horne, proceeding *pro se*, appeals from the district court's order dismissing her *pro se* amended complaint, in which she alleged numerous constitutional claims and tort claims against federal and state defendants. On appeal, Horne argues that the district court erred in dismissing her amended complaint. She asserts that the court failed to liberally construe her *pro se* pleadings. In addition, she argues that the court erred by failing to allow her brother, Morris J. Peavey, Jr., to intervene in her action pursuant to Fed.R.Civ.P. 24. Horne also raises claims related to the district court's dismissal of her original complaint. Specifically, she argues that the court abused its discretion by: (1) failing to provide her with additional time to file a response to the defendants' motions to dismiss her original complaint; and (2) denying her "Motion to Enter a Document as Material to this Case." For the reasons set forth below, we affirm.

## I.

In August 2008, Horne, an African-American, filed a *pro se* complaint naming the following agencies and individuals as defendants: (1) the Social Security Administration ("SSA"); (2) Michael Mukasey, former U.S. Attorney General; (3) Jo Anne Barnhart, Commissioner of the SSA; (4) Linda M. Springer,

Director of the U.S. Office of Personnel Management ("OPM"); (5) John Snow, Director of the U.S. Treasury Department ("USTD"); (6) George Romagnoli, Director of the Pasco County Community Development Division ("PCCDD"); and (7) Scott Black, Mayor of Dade City, Florida. In her complaint, Horne generally alleged that the defendants had violated her rights to due process and equal protection. She raised claims regarding the OPM's and SSA's decisions to deny her disability benefits, the Internal Revenue Service's ("IRS") decision to place a lien on her property, and Dade City's and PCCDD's reliance on zoning laws to refuse to assist her in constructing a residential building on her property. Thereafter, Horne filed a motion for leave to proceed *in forma pauperis*, which the district court granted.

Romagnoli, acting on behalf of himself and PCDDD, filed a motion to quash service of process. Black and Dade City filed a motion to dismiss Horne's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Horne filed a motion seeking an extension of time to file a response to the motions to dismiss her complaint. The district court never ruled on this motion. In addition, Horne also filed a "Motion to Enter a Document as Material to this Case." Horne attached numerous documents to this motion, including an affidavit by her brother, Peavey.

The magistrate judge entered a report and recommendation, finding that

Horne's complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). The magistrate recommended that the court dismiss Horne's complaint without prejudice. After the magistrate entered its report and recommendation, the court denied Horne's "Motion to Enter a Document as Material in this Case," noting that the magistrate had recommended that Horne's complaint should be dismissed with leave to amend. The court subsequently entered an order in which it dismissed Horne's complaint without prejudice, and directed her to file an amended complaint.

In her 120-paragraph amended complaint, Horne named the same defendants as in her original complaint and asserted three primary claims: (1) the SSA and the OPM erroneously denied her disability benefits despite the fact that she was a former employee of the U.S. Department of Justice ("DOJ") and had sustained a debilitating back injury in 1986; (2) the USTD, through the IRS, erroneously delayed its payment of her tax returns and placed a lien on her property; and (3) Dade City and PCCDD erroneously denied her the right to repair or construct residential property on her land. While Horne did not clearly state which cause of action she relied on as to each defendant, she indicated that she was bringing her action pursuant to 42 U.S.C. § 1983, 5 U.S.C. § 8347(c), 5 U.S.C. § 706, 42 U.S.C. § 5301(c), 18 U.S.C. §§ 1001 and 1027, and *Bivens v. Six Unknown Named Agents*,

403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Horne appeared to allege that the OPM and the SSA had acted "maliciously and intentionally" by denying her disability benefits, and violated the equal protection clause by treating her differently from other disabled individuals. In addition, the IRS had taken actions against her and Peavey in a "malicious and intentional" manner. Romagnoli, PCCDD, Black, and Dade City had effected an unconstitutional taking of her property and violated her right to equal protection by denying her the opportunity to construct a residential building on her land. In addition, Romagnoli had misled her into believing that PCCDD would assist her in constructing a new home on her land.

The magistrate entered another report and recommendation, finding that Horne's amended complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B) because the complaint (1) was frivolous and malicious; (2) failed to state a claim upon which relief could be granted; and (3) sought relief against a defendant who was immune from such relief. The magistrate found that Horne failed to make a short and plain statement of her grounds for relief, as required by Fed.R.Civ.P. 8(a)(2). The magistrate also found that the SSA, the Attorney General, the Commissioner of the SSA, the Director of the USTD, and the Director of the OPM were immune from suit as governmental agencies or individuals sued in their

5

official capacities. The magistrate determined that, pursuant to 5 U.S.C. § 8347(c), decisions by the OPM were "final and conclusive" and not subject to review other than by the Merit Systems Protection Board ("MSPB"). The magistrate determined that Horne's reliance on 5 U.S.C. § 706 and 18 U.S.C. § 1001 was misplaced, as the former statute did not provide the court with jurisdiction to review the SSA's denial of benefits, and the latter was a criminal statute that did not provide Horne with a private cause of action. As to Horne's claims against Romagnoli, PCCDD, Black, and Dade City, the magistrate found that, even assuming that Horne raised colorable claims against these defendants, venue was improper under 28 U.S.C. § 1391(b). While the magistrate made factual findings regarding the residences of Romagnoli, PCCDD, Black, and Dade City for purposes of § 1391(b), the magistrate did not make any findings regarding the residences of the federal defendants, and did not discuss the presence of the federal defendants in its § 1391(b) analysis.

The district court adopted the magistrate's report and recommendation over Horne's objections. Horne filed a notice of appeal, specifying that she appealed from the court's order dismissing her amended complaint.

## II.

We review "a district court's dismissal of an *in forma pauperis* action as

6

frivolous under [28 U.S.C.] § 1915(e)(2)(B)(i) for abuse of discretion." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002). "For purposes of a dismissal under § 1915(e)(2)(B)(i), a claim is frivolous if it is without arguable merit either in law or fact." *Id.* (quotation and alteration omitted). We review *de novo*, however, a district court's determination that a defendant is entitled to sovereign immunity. *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009).

We review *de novo* a district court's dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir.), *cert. denied*, 129 S.Ct. 632 (2008). When reviewing the district court's determination that a plaintiff failed to state a claim under § 1915(e)(2)(B)(ii), the standards governing dismissals under Fed.R.Civ.P. 12(b)(6) apply. *Id.* When reviewing a court's dismissal of a complaint pursuant to Rule 12(b)(6), we accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In addition, we liberally construe a *pro se* litigant's pleadings. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Our duty to liberally construe a *pro se* litigant's pleadings, however, "is not the equivalent of a duty to re-write it for the plaintiff." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320

7

(11th Cir. 2006) (quotation and alteration omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (quotation and alteration omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. at 1965. Pursuant to Fed.R.Civ.P. 8(a)(2), the plaintiff must make a plain statement demonstrating her right to relief. *Id.* at 557, 127 S.Ct. at 1966. In addition, a plaintiff must satisfy a heightened pleading standard when alleging a civil rights violation under *Bivens* or § 1983. *See Dalrymple v. Reno*, 334 F.3d 991, 993, 996-97 (11th Cir. 2003) (*Bivens* action); *Epps v. Watson*, 492 F.3d 1240, 1242 (11th Cir. 2007) (§ 1983 action). We have explained that:

> In such cases, the complaint must allege the relevant facts with some specificity. More than mere conclusory notice pleading is required. A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory . . . . Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. We must also keep in mind the fact that we generally accord official conduct a presumption of legitimacy.

*Id.* at 996 (quotations, citations, and alterations omitted).

### III.

The United States government may not be sued without its consent, and this

8

immunity extends to federal government agencies. *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Com'n*, 453 F.3d 1309, 1315 (11th Cir. 2006). "[T]he existence of [the government's] consent is a prerequisite for jurisdiction." *Id.* The Supreme Court has held, however, that federal officials may be sued in their individual capacities for violations of an individual's constitutional rights. *Bivens*, 403 U.S. at 397, 91 S.Ct. at 2005. While a plaintiff may bring a *Bivens* action against a federal officer in his individual capacity, a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71, 122 S.Ct. 515, 521-22, 151 L.Ed.2d 456 (2001) (holding that *Bivens* is "solely concerned with deterring the unconstitutional acts of individual officers); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 1005-06, 127 L.Ed.2d 308 (1994) (declining to permit a damages remedy under *Bivens* against federal agencies).

The Supreme Court has declined to imply a *Bivens* remedy for monetary damages for people improperly denied social security benefits. *Schweiker v. Chilicky*, 487 U.S. 412, 425-29, 108 S.Ct. 2460, 2468-71, 101 L.Ed.2d 370 (1998). In addition, "[t]he Office of Personnel Management . . . determines questions of disability and dependency in administering the government's provision of annuities to retired employees and their dependents." *Lindahl v. Office of Personnel*

*Management*, 470 U.S. 768, 771, 105 S.Ct. 1620, 1623, 84 L.Ed.2d 674 (1985) (quotation and alterations omitted). The OPM's determinations as to these matters are not subject to review, except by the MSPB. *Id.*; 5 U.S.C. § 8347(c) and (d). Judicial review of MSPB decisions is available only to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl*, 470 U.S. at 791, 105 S.Ct. at 1633. (quotation omitted).

Under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), the federal government has waived its immunity regarding negligent or wrongful actions committed by its employees within the scope of their official duties. 28 U.S.C. § 1346(b)(1). Constitutional claims, however, are not cognizable under the FTCA. *See Meyer*, 510 U.S. at 477-80, 114 S.Ct. at 1001-02. We have recognized that there is a "discretionary function exception" to the FTCA's waiver of immunity. *Nguyen v. United States*, 556 F.3d 1244, 1250-51 (11th Cir. 2009). Under this exception, the government remains shielded from liability if its employee committed the allegedly tortious act in the exercise of a discretionary function. *Id.* In order to determine whether the governmental employee was performing a discretionary function, a court must consider: (1) "whether the conduct involves an

element of judgment or choice"; and (2) "whether the judgment or choice is grounded in considerations of public policy." *Id.* at 1251 n.2.

Here, the district court did not err in finding that Horne failed to state a claim for relief against the federal defendants under 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that Horne effectively sought to bring a *Bivens* action against the OPM, the SSA, and the USTD as agencies, or against Mukasey, Barnhart, Springer, and Snow in their official capacities, the action was properly dismissed because *Bivens* permits suits only against federal agents in their individual capacities. Moreover, the Supreme Court has specifically held that a plaintiff may not bring a *Bivens* action for money damages against the SSA. To the extent that Horne sought to bring a *Bivens* action against Mukasey, Barnhart, Springer, and Snow in their individual capacities, Horne failed to satisfy the heightened pleading requirement for a *Bivens* action because her conclusory allegations failed to explain how these officials violated her constitutional rights. To the extent that Horne sought to proceed against the federal defendants under the FTCA, her claims were properly dismissed because she did not specify any theory of tort liability or identify any specific tortious acts by the defendants. In addition, Horne failed to allege facts indicating that she was entitled to judicial review of the OPM's denial of her claim for disability benefits because she did not allege that the

11

MSPB affirmed the OPM's decision in a proceeding that violated her substantial procedural rights or involved a misconstruction of governing legislation. The additional statutes that Horne cited in her complaint did not demonstrate that she was entitled to relief.

Accordingly, the district court did not err in finding that her claims against the federal defendants were subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). For these same reasons, the court did not abuse its discretion in finding that her complaint was frivolous under § 1915(e)(2)(B)(ii).

**IV.**

While the district court dismissed Horne's claims against the state defendants for improper venue under 28 U.S.C. § 1391(b), the court failed to discuss the impact of the federal defendants on its § 1391(b) analysis or make factual findings regarding the residences of the federal defendants. Because it is unclear how the federal defendants affected venue in this case, it is unclear whether the district court properly dismissed Horne's claims against the state defendants for lack of venue under § 1391(b). Nevertheless, even if the district court erred in its venue analysis, we may affirm the court's dismissal of Horne's claims against the state defendants on alternative grounds. *See Koziara v. City of Casselberry*, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004).

"In order to prevail on an action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Municipalities and other local government entities are "persons" within the scope of § 1983, and are thus subject to § 1983 liability. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978). Where an officer is sued under § 1983 in his official capacity, the suit is actually a proceeding against the municipality the officer represents. *Abusaid v. Hillsborough County Bd. of County Com'rs*, 405 F.3d 1298, 1302 n.3 (11th Cir. 2005). In order "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

"The State of Florida and its subsidiaries-including municipalities-are generally immune from tort liability." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). Florida has waived its immunity from tort liability under circumstances where the state agency, if a private person, would be liable in tort. *Id.* Under Florida law, the elements of fraud are:

13

(1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation.

*Lopez-Infante v. Union Cent. Life Ins. Co.*, 809 So.2d 13, 15 (Fla. 3d Dist Ct. App. 2002).

In *Baytree of Inverrary Realty Partners v. City of Lauderhill*, we affirmed a district court's dismissal of a plaintiff's claim that the city effected an unlawful taking of its property by refusing to amend its zoning laws so that the plaintiff could use its property for residential construction. 873 F.2d 1407, 1410 (11th Cir. 1989). We noted that the plaintiff had merely been barred from building residential property on the land, and had not been barred from developing the property in another manner. *Id.* at 1410. We explained that, "Neither deprivation of the most beneficial use of land, nor a severe decrease in the value of property, measures up to an unlawful taking." *Id.* (quotation omitted).

To the extent that Horne intended to bring § 1983 claims against Dade City and PCCDD as agencies, or against Romagnoli and Black in their official capacities, her claims were properly dismissed because she did not allege that the municipality employed a custom or policy that caused her constitutional rights to be violated. In addition, she failed to allege specific facts indicating that Romagnoli individually took any action that violated a constitutional right, and

14

failed to allege that Black individually took any actions at all. Thus, Horne's conclusory allegations were insufficient to state a § 1983 claim against Romagnoli or Black. To the extent that she intended to raise a fraud claim against Romagnoli, PCCDD, and Dade city, she did not identify any specific material misrepresentations that these defendants made, and did not allege that these defendants made any such misrepresentation with the intent that she rely on it. Accordingly, Horne failed to allege a plausible tort claim against Romagnoli, PCCDD, and Dade City. To the extent that Horne alleged that the state defendants effected an unlawful taking of her property, Horne alleged only that the city would not permit her to use her property for residential purposes, not that the city prevented her from developing her property in any manner. Thus, under our controlling case law, she failed to allege an unlawful taking as a matter of law.

For the foregoing reasons, Horne's complaint would properly have been dismissed as to the state defendants for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## V.

We note that Horne did not specify the district court's order dismissing her original complaint in her notice of appeal. Under Fed.R.App.P. 3(c)(1), an appellant must, in her notice of appeal, specify the judgment or order being

15

appealed from. Fed.R.App.P. (3)(c)(1)(B). However, we have recognized that "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal" a judgment not specified in the notice of appeal. *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986). Furthermore, as noted above, this Court liberally construes the pleadings of *pro se* litigants. *Powell*, 914 F.2d at 1463. Accordingly, we discuss Horne's claims related to the dismissal of her original complaint below.

"District courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997). However, "when a litigant's rights are materially prejudiced by the district court's mismanagement of a case, we must redress the abuse of discretion." *Id.* at 1367. In civil cases, we generally do not consider arguments raised for the first time on appeal. *Ledford v. Peeples*, 568 F.3d 1258, 1298 (11th Cir. 2009).

The district court did not abuse its discretion by: (1) failing to provide Horne with additional time to respond to the defendants' motions to dismiss her original complaint; or (2) denying Horne's "Motion to Enter a Document as Material to this Case." Even assuming that the court erred in taking these actions, Horne was not prejudiced because the court expressly provided her with an opportunity to amend

16

her complaint.  Moreover, neither Horne nor Peavey sought permission from the district court for Peavey to intervene in Horne's action.  Accordingly, Horne seeks to raise this argument for the first time on appeal, and we will not consider it.

**Conclusion**

Accordingly, based upon our review of the record and the parties' briefs on appeal, we affirm.

**AFFIRMED.**