Andres GREGORY, et al., Plaintiffs,

v.

MIAMI–DADE COUNTY, et al., Defendants.

Case No. 13–21350–CIV.

United States District Court, S.D. Florida, Miami Division.

Signed Sept. 29, 2014.

Michael Benjamin Feiler, Martin Eric Leach, Feiler & Leach, PL, Coral Gables, FL, for Plaintiffs.

Ezra Saul Greenberg, Benjamin David Simon, Bernard Pastor, Miami, FL, for Defendants.

### *ORDER*

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Defendants Miami–Dade County and Officer Luis Perez's Motion to Dismiss Plaintiffs' Second Amended Complaint. [D.E. 40].

**THE COURT** has reviewed the Motion, the Response and Reply thereto, pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated herein, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sebastian Gregory ("Sebastian") and his parents, Andres Gregory and Amalia Villafane–Gregory, (collectively referred to as "Plaintiffs") bring this action against Miami–Dade County ("County") and Officer Luis Perez ("Officer Perez") (collectively referred to as "Defendants") alleging, *inter alia,* a violation of Sebastian's Fourth Amendment rights pursuant to 42 U.S.C. § 1983, battery, intentional infliction of emotional distress, false imprisonment, and loss of filial consortium. [D.E. 35]. Plaintiffs are seeking monetary damages in excess of $15,000.00, exclusive of interest and court costs. *Id.* The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

Taken from Plaintiffs' Second Amended Complaint, the essential allegations giving rise this action are as follows:

On May 28, 2012, Sebastian, a 16 year old boy at the time, was walking in the area of Southwest 72nd Street and 160th Avenue, Miami–Dade County, when Officer Perez approached him from behind. For no apparent reason, Sebastian was ordered by Officer Perez to get on the ground. Sebastian was in the process of making himself prone on the ground with his back to Officer Perez when Officer Perez shot Sebastian multiple times in the back with a firearm. Sebastian posed no threat to Officer Perez at the time he was shot in the back multiple times, nor was he resisting Officer Perez in any way. [D.E. 35 at 2–3, ¶¶ 7–10]. In addition, Plaintiffs allege Sebastian was "shot 8 to 9 times in the back, and that his vital organs were struck by Officer Perez's bullets." *Id.* at 3, ¶ 11. As a result, "Sebastian sustained multiple external and internal injuries . . . ." *Id.* Further, Plaintiffs maintain that Officer Perez was not justified in utilizing deadly force against Sebastian and also note that Sebastian was "never arrested for nor charged with any crime relating to this incident." *Id.* at ¶¶ 12–13.

In turn, Defendants deny any liability related to the shooting in question and now move to dismiss the majority of Plaintiffs' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Miami–Dade County asserts that it is sovereignty immune from suits involving the "acts of its agents or employees committed in bad faith, with malice, or with wanton and willful disregard for human rights, and safety." [D.E. 40 at 2]. Likewise, Officer Perez seeks dismissal on the basis that he had "probable cause both to stop and to arrest Sebastian Gregory." *Id.* Lastly, Defendants assert that Plaintiffs "cannot bring an excessive force claim under the Fourteenth Amendment because claims for excessive force in the course of a seizure are properly asserted under the Fourth Amendment only." *Id.* In the alternative, Defendants argue that should the Court allow Plaintiffs to proceed on their false imprisonment claims, then Plaintiffs' excessive force and battery claims are subject to dismissal because

they "merge" with their false imprisonment claims as a matter of law. *Id.* at 15. The Court will address the merits of Defendants' arguments below.

## II. STANDARD OF REVIEW

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir.2003) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations and citations omitted). For a claim to have facial plausibility, a Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Additionally, "[i]f the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." *LeFrere v. Quezada,* 582 F.3d 1260, 1263 (11th Cir.2009) (citing *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir.2003)).

## III. DISCUSSION

### A. Sovereign Immunity

Defendants first argue that Plaintiffs' state law claims of battery, false imprisonment, and loss of filial consortium against the County (Counts III, VII, and VIII) must be dismissed based upon the County's sovereign immunity codified in Fla. Stat. Ann. § 768.28(9)(a). Plaintiffs respond by arguing that their "Second [Amended] Complaint does not plead facts . . . that permits this Court to conclude, as a matter of law, that the bad faith and malicious purpose exception embodied in § 768.28(9)(a) applies to immunize the County. . . ." [D.E. 46 at 3].

Accordingly, Florida's statute governing the waiver of sovereign immunity in tort actions states, in pertinent part:

> The State or its subdivisions [i.e., Miami–Dade County] shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. Ann. § 768.28(9)(a). The County argues that the factual allegations in Plaintiffs' Second Amended Complaint implicate the latter three provisions of the sovereign immunity statute insofar as Officer Perez's shooting of Sebastian was "committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights [and] safety. . . ." *Id.;* [D.E. 49 at 2].

In the Second Amended Complaint, Plaintiffs include and incorporate into each of their claims against the County the following general factual allegations:

> Officer Perez approached [Sebastian] from behind. For no apparent reason, Sebastian was ordered by Officer Perez to get on the ground. Sebastian was in the process of making himself prone on the ground with his back to Officer Perez when Officer Perez shot Sebastian multiple times in the back with a firearm. Sebastian posed no threat to Officer Perez at the time he was shot in the back multiple times, nor was he resisting

Officer Perez in any way ... At the time Sebastian was repeatedly shot in the back by Officer Perez, Sebastian was not committing a crime and had not threatened Officer Perez. Sebastian did not engage in any conduct at the time he was shot that justified Officer Perez's use of any amount of force upon him— let alone deadly force.

[D.E. 35 at 1–2, ¶¶ 7–12]. Although Federal Rule of Civil Procedure 8(e)(2) allows Plaintiffs to plead in the alternative, "courts have also recognized the limits to a plaintiff's ability to advance 'alternative' theories in § 768.28 cases where the factual allegations can only suggest malice or bad faith on the part of the. individual defendant." *Terry v. Rodriguez,* 2010 WL 2342382, at *2 (S.D.Fla.2010) (citing *Sanchez v. Miami–Dade Cnty.,* 2007 WL 1746190, at *4 (S.D.Fla.2007)). While "[n]o specific words or formulae are required to plead in the alternative, [ ] plaintiffs 'must use a formulation from which it can be reasonably inferred' that they are pleading in the alternative." *Ashley v. City of Hialeah,* 2011 WL 3236051, at *3 (S.D.Fla.2011) (quoting *Holman v. Indiana,* 211 F.3d 399, 407 (7th Cir.2000)).

Here, Plaintiffs fail to plead in the alternative by incorporating the above-mentioned general factual allegations into each of their claims against the County. Given this manner of construction, the Court cannot reasonably infer that Plaintiffs are pleading in the alternative against the County. *Ashley,* 2011 WL 3236051, at *3. In addition, Plaintiffs argument that the general factual allegations only pertain to Officer Perez is of no moment given their incorporation into each claim against the County as well as Plaintiffs' overall theory that the County is vicariously liable for Officer Perez's tortious acts. *See id.* ("[T]he Court can reasonably infer that Ashley intended to plead in the alternative because she does *not* incorporate the alle-

gations of Count I in to Count III.") (emphasis added).

Moreover, Plaintiffs' argument that their "allegations against the County render it inappropriate to determine from the face of the complaint whether Officer Perez's action were made within the scope of his employment ... and whether he acted in bad faith or with malicious purpose" is belied by Eleventh Circuit precedent on the issue. As stated above, "[i]f the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." *LeFrere,* 582 F.3d at 1263. Accepting them as true, Plaintiffs' allegations "connote[ ] conduct much more reprehensible and unacceptable than mere intentional conduct" and can only be characterized as stating claims for acts done in bad faith or with malicious purpose or in a willful and wanton manner. *Richardson v. City of Pompano Beach,* 511 So.2d 1121, 1123 (Fla. 4th DCA 1987); *Iqbal,* 129 S.Ct. at 1949. Thus, Plaintiffs' claims of battery, false imprisonment, and loss of filial consortium against the County (Counts III, VII, and VIII) are subject to dismissal because, on the face of the Second Amended Complaint, the County is entitled to the affirmative defense of sovereign immunity. *LeFrere,* 582 F.3d at 1263. As such, Defendants' Motion is **GRANTED** as to Counts III, VII, and VIII.

**B. False Imprisonment & Probable Cause**

Next, Defendants argue that Plaintiffs' false imprisonment claim against Officer Perez (Count VI) must also be dismissed because there was probable cause to stop, detain, and arrest Sebastian. In support of their argument, Defendants attach to their Motion a copy of the police report completed by Miami–Dade Police Officer, J. Vega. [D.E. 40–1]. In contrast, Plain-

tiffs argue that probable cause cannot be determined from their allegations and "the police report is inconsistent with allegations of the complaint [and therefore,] cannot be considered in ruling on the motion to dismiss . . . ." [D.E. 46 at 9].

Under ordinary review, "the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and the attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir.1997) (citation omitted). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim." *Id.* at 1369 (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993)).

To that end, Defendants argue that the Court can consider the police report attached to their Motion in determining the existence of probable cause and, consequently, Officer Perez's affirmative defense to Plaintiffs' claim of false imprisonment. *See Rankin v. Evans,* 133 F.3d 1425, 1436 (11th Cir.1998) ("The existence of probable cause constitutes an affirmative defense to the claims of false arrest and false imprisonment under Florida law."). However, the Second Amended Complaint does not make any specific reference to the attached police report. Therefore, the Court cannot consider the police report as part of the pleadings. *Brooks,* 116 F.3d at 1369.

Given this limitation on review, the Court must determine if the existence of probable cause can be gleaned from the face of Plaintiffs' Second Amended Complaint. *LeFrere,* 582 F.3d at 1263. On its face, Plaintiffs' Second Amended Complaint simply refers to the absence of probable cause in Counts I and II by alleging that: "Officer Perez had no probable cause to believe that Sebastian committed any crime or was about to commit a crime" and "Officer Perez had neither reasonable suspicion nor particularized probable cause when he unlawfully seized Sebastian by using deadly force . . . ." [D.E. 35 at 2 and 5, ¶¶ 16–17, 28–29]. Assuming the truth of these allegations, the Court cannot determine the existence of probable cause or Officer Perez's resulting affirmative defense from the face of the Second Amended Complaint. *Iqbal,* 129 S.Ct. at 1949. Thus, Defendants' Motion is **DENIED** as to Count VI.

### C. Excessive Force, Battery, & "Merger"

In allowing Plaintiffs to proceed on their false imprisonment claim against Officer Perez, Defendants' alternatively argue that Plaintiffs remaining excessive force and battery claims (Counts I and IV) "merge" into their claim for false imprisonment (Count VI) as a matter of law. Plaintiffs counter by arguing that "none of the cases cited by [Defendants] were decided at the motion to dismiss stage" and that "Rule 8(d)(2), Fed.R.Civ.P., allows a plaintiff to plead in the alternative." [D.E. 46 at 10]. While Plaintiffs legal observations are correct, their overall argument against "merger" is unavailing.

In support of their position, Defendants principally rely on *Jackson v. Sauls,* 206 F.3d 1156, 1171 (11th Cir.2000). Although the cases comprising *Jackson* were decided in a summary judgment posture, the Court nonetheless finds the opinion instructive and controlling on the issue presented. Specifically, the Eleventh Circuit articulated the difference between claims of excessive force during an illegal stop versus claims of excessive force during a legal stop. The plaintiffs in *Jackson* asserted "that because there was no basis for the stop and no governmental interest was at stake, *any* use of force, however

minimal, was more than reasonably necessary and excessive." *Jackson*, 206 F.3d at 1170–71 (emphasis in original). Relying on *Williamson v. Mills*, 65 F.3d 155, 158–59 (11th Cir.1995), the court reiterated the law in this Circuit and succinctly stated: "[A] claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim." *Id.* at 1171 (citing *Williamson*, 65 F.3d at 158–59). The court went on to reason that:

> *Williamson's* rule makes sense because if a stop or arrest is illegal, then there is no basis for any threat or any use of force, and an excessive force claim would always arise but only collaterally from the illegal stop or arrest claim. The correct analysis is that the excessive force claim is subsumed in the illegal stop or arrest claim, as recognized in *Williamson*, where a plaintiff contends the force was excessive because there was no basis for any force.

*Id.*

■■■ Here, Plaintiffs similarly allege that "Officer Perez's use of deadly force against Sebastian was clearly excessive as he posed no threat of harm . . ., nor was he under arrest, nor was there probable cause or reasonable suspicion that he committed a crime." [D.E. 35 at 4, ¶ 19]. Plaintiffs further allege that "Officer Perez used force that was excessive and unreasonable under the circumstances against Sebastian [and] . . . The actions of Officer Perez constituted an unwarranted battery upon Sebastian." *Id.* at 8, ¶ 42. Essentially, Plaintiffs allege excessive force and battery in the context of an illegal stop or seizure. Thus, by operation of law, Plaintiffs claims for excessive force and battery are subsumed within their claim for false imprisonment. *Jackson*, 206 F.3d at 1170–71; *see also Lester v. City of Tavares*, 603 So.2d 18, 20 (Fla. 5th DCA 1992) ("If the tort of false arrest was committed, [bat-tery is] simply evaluated in calculating damages."). Therefore, Defendants' Motion is **GRANTED** as to Counts I and IV.

### D. Excessive Force & the Fourteenth Amendment

Lastly, Plaintiffs concede that their claim of excessive force under the Fourteenth Amendment (Count II) against Officer Perez is subject to dismissal. As the Supreme Court held in *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989):

> *[A]ll* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

*Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (emphasis in original); *Carr v. Tatangelo*, 338 F.3d 1259, 1267 n. 15 (11th Cir.2003). Hence, the Court does not need to engage in further analysis and Defendants' Motion is **GRANTED** as to Count II.

### IV. CONCLUSION

Based upon the foregoing, it is hereby:

**ORDERED AND ADJUDGED** that Defendants Miami–Dade County and Officer Luis Perez's Motion to Dismiss Plaintiffs' Second Amended Complaint [D.E. 40] is **GRANTED IN PART** and **DENIED IN PART**. It is further

ORDERED AND ADJUDGED that Counts I, II, III, IV, and VII are **DISMISSED.** It is further

ORDERED AND ADJUDGED that Count VIII is **DISMISSED** as to Miami–Dade County only. It is further

ORDERED AND ADJUDGED that Defendants Miami–Dade County and Officer Luis Perez's Motion to Dismiss Plaintiffs' Second Amended Complaint is **DENIED** as to Count VI. It is further

ORDERED AND ADJUDGED that Plaintiffs shall file their Third Amended Complaint within ten (10) days from the entry of this Order.