Andres **GREGORY**, et al., Plaintiffs,

v.

**MIAMI–DADE COUNTY,**
et al., Defendants.

Case No. 13–21350–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Signed Feb. 13, 2015.

Michael Benjamin Feiler, Martin Eric Leach, Feiler & Leach, Coral Gables, FL, for Plaintiffs.

Ezra Saul Greenberg, Benjamin David Simon, Bernard Pastor, Miami, FL, for Defendants.

### AMENDED ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Defendant Miami–Dade County's Motion to Dismiss Plaintiffs' Third Amended Complaint. [D.E. 63].

**THE COURT** has reviewed the Motion, the Response and Reply thereto, pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated herein, Miami–Dade County's Motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sebastian Gregory ("Sebastian") and his parents, Andres Gregory and Amalia Villa-fane–Gregory, (collectively referred to as "Plaintiffs") bring this action against Mia-mi–Dade County ("County") and Officer Luis Perez ("Officer Perez") (collectively referred to as "Defendants") alleging, *inter alia*, a violation of Sebastian's Fourth Amendment rights pursuant to 42 U.S.C. § 1983, battery, intentional infliction of emotional distress, false imprisonment, and loss of filial consortium. [D.E. 60].

Taken from Plaintiffs' Third Amended Complaint, the essential allegations giving rise to this action against the County now reads as follows:

[O]n May 28, 2012, Sebastian, a 16 year old boy at the time, was walking in the area of Southwest 72nd Street and 160th Avenue, Miami–Dade County, when Officer Perez approached him from behind. Assuming Officer Perez had legal cause to conduct an investigatory stop, Sebastian was ordered by Officer Perez to get on the ground. Sebastian was in the process of making himself prone on the ground with his back to Officer Perez when Sebastian turned slightly to make himself more comfortable while posing no threat to Officer Perez, whereupon Officer Perez overreacted under the totality of the circumstances and fired his weapon nine (9) in the back with a fire-arm [sic]. Sebastian posed no threat to Officer Perez at the time he was shot in the back multiple times, nor was he resisting Officer Perez in any way.

[D.E. 60 at 3, ¶ 9]. In addition, Plaintiffs allege Sebastian was "shot numerous times in the back, and that his vital organs were struck by Officer Perez's bullets." *Id.* at ¶ 10. As a result, "Sebastian sustained multiple external and internal injuries . . . ." *Id.* Further, Plaintiffs maintain that Officer Perez was not justified in utilizing deadly force against Sebastian and also note that Sebastian was "never arrested for nor charged with any crime relating to this incident." *Id.* at 4, ¶¶ 11–12.

In turn, Defendants deny any liability related to the shooting in question and the County now moves to dismiss Plaintiffs' claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Miami–Dade County asserts that it is sovereignly immune because Plaintiffs' "alternative scenario is still inconsistent with municipal liability . . . and is thus still indicative of malice, bad faith, or willful and wanton disregard for [Sebastian's] rights or safety. [D.E. 63 at 4–5]. The Court finds the County's arguments to be well-taken.

## II. STANDARD OF REVIEW

■ "For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir.2003) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quotations and citations omitted). For a claim to have facial plausibility, a Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Additionally, "[i]f the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." *LeFrere v. Quezada,* 582 F.3d 1260, 1263 (11th Cir.2009) (citing *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir.2003)).

## III. DISCUSSION

### A. Sovereign Immunity

In its Motion, the County's central point of contention is that Plaintiffs' state law claims of battery, false imprisonment, and loss of filial consortium (Counts III, VII, and VIII) must be dismissed based upon the County's sovereign immunity codified in Fla. Stat. § 768.28(9)(a). [D.E. 63 at 3–6]. In response, Plaintiffs again argue that their "Third Amended Complaint does not [contain] facts ... that permit this Court to conclude, as a matter of law, that the bad faith and malicious purpose exception embodied in § 768.28(9)(a) applies to immunize the County with sovereign immunity protection." [D.E. 67 at 3].

Accordingly, Florida's statute governing the waiver of sovereign immunity in tort actions states, in pertinent part:

> The State or its subdivisions [i.e., Miami–Dade County] shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment *or* committed in bad faith *or* with malicious purpose *or* in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a) (emphasis added). Much like its previous argument for dismissal, the County once again maintains that the factual allegations in Plaintiffs' Third Amended Complaint implicate the latter three provisions of the sovereign immunity statute insofar as Officer Perez's alleged shooting was "indicative of malice, bad faith, or willful and wanton disregard for [Sebastian's] rights or safety." [D.E. 63 at 4–5].

■ Here, Plaintiffs include and incorporate into each of their claims against the County the essential allegations as noted above. *See* [D.E. 60 at 3, ¶ 9]. However, Plaintiffs' only substantive change between the present allegations and those included previously is the following additional language: (1) "Sebastian turned slightly to make himself more comfortable" and (2) "whereupon Officer Perez overreacted under the totality of the circumstances." *Id.* While Plaintiffs' first addition is factual in nature, their second is simply a conclusory allegation that goes to Officer Perez's state of mind at the time of the alleged shooting. Such an allegation is "not afforded the presumption of truth absent some factual support that make[s it] plausible." *Losey*

*v. Warden,* 521 Fed.Appx. 717, 719 (11th Cir.2013) (citing *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937).

■ To that end, considering the totality of the circumstances as Plaintiffs suggest and accepting their version of the facts as true, the Court still finds that the allegations incorporated against the County "connote[ ] conduct much more reprehensible and unacceptable than mere intentional conduct" and can only be characterized as stating claims for acts done in bad faith or in a willful and wanton manner. *Richardson v. City of Pompano Beach,* 511 So.2d 1121, 1123 (Fla. 4th DCA 1987); *Iqbal,* 129 S.Ct. at 1949. "For conduct to be willful and wanton, it must be shown that the defendant knew, or reasonably should have known in light of the surrounding circumstances, that his conduct would naturally or probably result in injury and, with such knowledge, disregarded the foreseeable injurious consequences." *See Lemay v. Kondrk,* 860 So.2d 1022, 1025 (Fla. 5th DCA 2003) (Orfinger, J., dissenting); *see also Keating v. City of Miami,* 598 F.Supp.2d 1315, 1343 (S.D.Fla.2009). Even if the Court could view Plaintiffs' allegation concerning Officer Perez's overreaction in isolation, it would still implicate the County's immunity because, as alleged, Officer Perez's overreaction led him to fire nine (9) shots into Sebastian's back. Therefore, Officer Perez's actions were done, at the very least, in a manner exhibiting wanton and willful disregard of Sebastian's rights and safety since Sebastian posed no immediate threat or offered any resistance to Officer's Perez's commands. [D.E. 60 at 3, ¶ 9].

Further, Plaintiffs' argument that their "allegations against the County render it inappropriate to determine from the face of the complaint whether Officer Perez's action were made within the scope of his employment ... and whether he acted in bad faith or with malicious purpose" is unavailing. As stated above and noted in the Court's previous Order òf Dismissal, "[i]f the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)." *LeFrere,* 582 F.3d at 1263. Thus, Plaintiffs' claims of battery, false imprisonment, and loss of filial consortium against the County (Counts III, VII, and VIII) are subject to dismissal because, on the face of the Third Amended Complaint, the County is entitled to the affirmative defense of sovereign immunity. *Id.* As such, the County's Motion is **GRANTED** as to Counts III, VII, and VIII.

## B. False Imprisonment

With respect to Plaintiffs' claim for False Imprisonment (Count VII), the County argues an additional ground for dismissal because the second sentence in Plaintiffs' incorporated allegation contains the introductory phrase: "Assuming Officer Perez had legal cause to conduct an investigatory stop." [D.E. 60 at 3, ¶ 9]. In response, Plaintiffs concede that the County is correct in its argument. [D.E. 67 at 2]. However, Plaintiffs maintain that the introductory phrase of the second sentence in paragraph 9 should have read: " 'For no apparent reason' instead of 'Assuming Officer Perez had legal cause to conduct an investigatory stop.' " *Id.* at 7. In turn, Plaintiffs seek leave to amend "this minor, technical error in the pleading of the case." [D.E. 67 at 7].

■ Under Florida law, it is well-settled that claims of false imprisonment are predicated upon "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty." *Johnson v. Weiner,* 155 Fla. 169, 19 So.2d 699, 700 (1944, Division B). For this reason, Plaintiffs' incorporated assumption of

legality for Officer Perez's investigatory stop is necessarily fatal to its claim for false imprisonment. Notwithstanding, even if the Court were to allow Plaintiffs to amend their false imprisonment claim as requested, the County would still be immune assuming the truth of the essential facts giving rise to this action.

## IV. CONCLUSION

Based upon the foregoing, it is hereby:

**ORDERED AND ADJUDGED** that Defendant Miami–Dade County's Motion to Dismiss Plaintiffs' Third Amended Complaint [D.E. 63] is **GRANTED.** It is further

**ORDERED AND ADJUDGED** that Counts III, VII, and VIII are **DISMISSED WITH PREJUDICE.**